IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| THERESA RUSSELL,<br><br>          *Plaintiff,*<br><br>v.<br><br>AMERIGAS PROPANE,<br><br>          *Defendant.* | CIVIL NO. 6:14CV00036<br><br><br>**MEMORANDUM OPINION<br>AND ORDER**<br><br><br>JUDGE NORMAN K. MOON |

  The pro se Plaintiff has filed a complaint form, along with other documents, and an application to proceed without prepaying fees or costs. I hereby grant Plaintiff's motion and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I.**

  Plaintiff filed a "FORM TO BE USED BY PLAINTIFFS IN FILING A COMPLAINT UNDER THE EQUAL EMPLOYMENT OPPORTUNITIES ACT, 42 USC 2000e, *et seq*." On the form, she states that she was discharged from employment with Defendant on December 5, 2013, that she filed a complaint with the Equal Employment Opportunities Commission (the "Commission") in "April 2014," and that the Commission "Issued Right to File Suit" regarding her complaint.

  The form inquires, "What individuals were involved in your discharge or other unlawful practice about which you are complaining?" and directs Plaintiff to "explain what position each individual held, what the individual did that affected you, and about which you are

complaining?" Plaintiff provided the following response:

> Cole Brown – District Mgr.
> Steve Cameron – Area Mgr.
> Retaliated and discharged employment

In response to the next question, "If you were fired, what reasons were given for your discharge?" Plaintiff answered, "Insubordination." The subsequent question asks, "If you disagree with these reasons, what do you think were the real reasons?" Plaintiff responded, "Retaliation." In response to the question, "Does your employer have a grievance procedure to use when employees are unhappy about actions taken against them?" Plaintiff replied, "Yes." She adds that she filed a grievance with her employer, and that the following action was taken: "Charges dismissed and employment terminated."

Documents submitted with Plaintiff's complaint form include a "Notice of Right to Sue (Issued on Request)," dated June 24, 2014.

## II.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'" *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

As it stands, Plaintiff fails to state a legal claim upon which relief can be granted. Plaintiff makes the conclusory statement that she was fired in "[r]etaliation," adding that her

-2-

employment was terminated after she filed a grievance with her employer, but she alleges no facts to support any inference that she was fired in "[r]etaliation" for having engaged in "protected activity" under any of the employment discrimination laws. *See*, *e.g.*, *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010) (Title VII "prohibits employers from 'discriminating against any of [their] employees ... because [the employees] ha[ve] opposed any practice made an unlawful employment practice by [Title VII], or because [the employees] ha[ve] participated in any manner in an investigation' under Title VII.") (quoting 42 U.S.C. § 2000e–3(a)). "To state a claim for Title VII retaliation, a plaintiff must *provide factual allegations showing*: (1) *engagement in a protected activity*; (2) an adverse employment action; and (3) *a causal link between the protected activity and the employment action*." *Jones v. HCA*, ___ F. Supp. 2d ___, ___, 2014 WL 1603739, at *8 (E.D. Va. April 21, 2014) (citing *Coleman*, 626 F.3d at 190) (emphasis added). Here, Plaintiff has failed to allege any relevant facts, much less factual allegations sufficient "to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190.

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").

-3-

Case 6:14-cv-00036-NKM   Document 4   Filed 09/16/14   Page 3 of 4   Pageid#: 15

Plaintiff is advised that, although "detailed factual allegations" are not required, her "obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; in other words, her "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Accordingly, courts are entitled to dismiss claims when the pleadings are "conclusory." *Id.*, 556 U.S. at 681 ("To be sure, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

### III.

For these reasons, the motion to proceed in forma pauperis is **GRANTED**, the complaint is hereby **DISMISSED** *without prejudice*, and the case is **STRICKEN** from the court's active docket.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to the pro se Plaintiff.

Entered this __16th__ day of September, 2014.

                                                 */s/ Norman K. Moon*
                                                 NORMAN K. MOON
                                                 UNITED STATES DISTRICT JUDGE